**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13967
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

THOMAS JAMES SHEELY, JR.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80113-DMM-1

_____

Before ROSENBAUM, LAGOA, and MARCUS, Circuit Judges.

LAGOA, Circuit Judge:

Thomas Sheely, Jr., appeals his sentence of 84 months' imprisonment for possession of a firearm and ammunition by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1). Sheely contends the district court improperly enhanced his sentence under U.S.S.G. § 2K2.1(a)(3), arguing that after *Borden v. United States*, 593 U.S. 420 (2021), Florida felony battery no longer qualifies as a crime of violence under the elements clause of the Sentencing Guidelines. This Court, however, in *United States v. Vail-Bailon*, 868 F.3d 1293 (11th Cir. 2017) (en banc), previously held that felony battery under Fla. Stat. § 784.041 is a "crime of violence" within the meaning of the Sentencing Guidelines' elements clause. *See* 868 F.3d at 1308.

After careful consideration of the parties' arguments and with the benefit of oral argument, we conclude that *Borden* did not abrogate *Vail-Bailon* and that *Vail-Bailon* still controls. We thus affirm Sheely's sentence.

## I.    FACTUAL AND PROCEDURAL HISTORY

On April 28, 2021, officers with the West Palm Beach Police Department responded to alerts of two firearm rounds being discharged. The officers spoke to a victim, who stated that someone had fired at him while he was inside his vehicle. Later that day, the officers took Sheely into custody, as his appearance and attire matched the description provided by the victim and another witness to the incident. The officers also found a firearm, two magazines, thirty rounds of ammunition, and two shell casings in the area. In addition to facilitating DNA testing on swabs collected from the firearm, officials conducted a criminal history check on Sheely. This confirmed that Sheely had previously been convicted

of felony offenses: (i) felony battery and attempted robbery in Florida in 2006; (ii) manslaughter in Florida in 2006; (iii) felony battery on detention facility staff in Florida in 2008; and (iv) felon in possession of a firearm, carrying a concealed firearm, and possession of cocaine and marijuana in Florida in 2017.

On August 11, 2021, a federal grand jury indicted Sheely on one count for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Sheely subsequently entered into a written plea agreement with the government and pleaded guilty to the charge in the indictment. Along with this agreement, Sheely stipulated to facts that supported his guilty plea, including details of his prior felony convictions. Sheely was referred to the U.S. Probation Office for the preparation of a pre-sentence investigation ("PSI") report.

Prior to sentencing, a probation officer prepared Sheely's original PSI report (the "2022 PSI"). The 2022 PSI noted that Sheely pleaded guilty to the one-count indictment charging him under § 922(g)(1). The 2022 PSI then detailed terms of the parties' plea agreement,[1] in addition to the underlying facts about Sheely's

---

[1] The parties agreed to recommend a conditional "two-level, or, if applicable, a three-level" reduction for acceptance of responsibility, as per § 3E1.1, and that the instant sentence would run concurrent to any sentence imposed by the Florida 15th Judicial Circuit for Case No. 2022CF003899AMB. That state court case stemmed from Sheely's May 14, 2022 arrest, during which officers approached him while he was subject to an outstanding arrest warrant and discovered he possessed, among other things, a firearm that was later found to be reported stolen. The government agreed that it would not seek any upward variance from the advisory guideline range based on Sheely's timely

criminal conduct. With this context, the probation officer began with a base offense level of 26 under § 2K2.1(a)(1), since the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" and Sheely had committed the offense after "sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[,]" namely attempted robbery and manslaughter. The probation officer then applied a four-level enhancement under what was then § 2K2.1(b)(6)(B), because Sheely had used or possessed a firearm or ammunition in relation to another felony offense, "shooting into or throwing deadly missiles into [a] dwelling[]," in violation of Fla. Stat. § 790.19. This resulted in an adjusted offense level of 30. The probation officer then applied a three-level reduction for acceptance of responsibility, under §§ 3E1.1(a) and 3E1.1(b), resulting in a total offense level of 27.

Based on Sheely's criminal history, the probation officer calculated that the record amounted to 12 criminal history points, placing Sheely in the criminal history category of V. Ordinarily, with a total offense level of 27 and a criminal history category of V, the guideline imprisonment range would be 120 to 150 months. But, under 18 U.S.C. § 924(a)(2), the statutory maximum term was ten years; the 2022 PSI thus designated the guideline range at 120

---

acceptance of responsibility. Sheely agreed to forfeit "voluntarily and immediately, any right, title, and interest to any firearm and ammunition involved in or used in the commission of the offense alleged in the Indictment[.]"

24-13967                Opinion of the Court                5

months' imprisonment.[2] *See* U.S.S.G. § 5G1.1(c)(1).  And as the offense was regarded as a Class C felony, the guideline range for the supervised release term was set at one to three years.  The probation officer did not identify any factors that would warrant a departure or a variance from these guidelines.

Sheely objected to the 2022 PSI, asserting that neither his prior manslaughter conviction nor his prior attempted robbery conviction qualified as a "crime of violence" and therefore should not factor into the base offense level calculation.  The probation officer rejected Sheely's objection and concluded that both manslaughter and attempted robbery qualify as "crimes of violence," given the underlying facts of Sheely's convictions.[3]

In response to Sheely's objection, the government maintained that the manslaughter and attempted robbery convictions both qualified as "crimes of violence" under § 4B1.2 and were properly included in the 2022 PSI's calculation of the base offense level.  And the government also raised a separate objection,[4] contending that the 2022 PSI overlooked a third conviction for felony

---

[2] Congress has since amended 18 U.S.C. § 924 to provide a statutory maximum of fifteen years imprisonment for violations of 18 U.S.C. § 922(g).  *See* 18 U.S.C. § 924(a)(8).

[3] Sheely objected to the facts set forth in the corresponding paragraphs of the 2022 PSI, arguing they were based on arrest affidavits and not documents required by *Shepard v. United States*, 544 U.S. 13 (2005).

[4] The government acknowledged this objection was untimely, coming after the final PSI and addendum were issued.

battery, which it argued qualified as a "crime of violence" and would therefore increase Sheely's base offense level under § 2K2.1(a). For this position, the government relied on *United States v. Green*, 873 F.3d 846 (11th Cir. 2017), which, it noted, relied on *United States v. Vail-Bailon*, 868 F.3d 1293 (11th Cir. 2017) (en banc). In response, Sheely stated that *Vail-Bailon* did not address the *mens rea* issue later discussed in *Borden v. United States*, 593 U.S. 420 (2021), which, he asserted, affects the definition of a "crime of violence" under § 4B1.2(a)(1). In *Borden*, the Supreme Court held that a criminal offense does not count as a "violent felony" under the Armed Career Criminal Act's (ACCA) elements clause if the offense requires only a *mens rea* of recklessness,[5] 593 U.S. at 423, and Sheely posited that Florida felony battery may be committed with recklessness or indifference to the risk of causing great bodily harm, *i.e.*, without the requisite *mens rea*, so it does not qualify as a "crime of violence."

At sentencing, the district court accepted Sheely's plea and addressed the parties' objections to the 2022 PSI. First, it overruled Sheely's objections regarding the two convictions for manslaughter and attempted robbery. Then, it turned to the government's argument that felony battery is a "crime of violence" and Sheely's prior conviction would be a basis to enhance his base offense level.

---

[5] The term "violent felony" in ACCA is "'virtually identical'" to "crime of violence" in § 4B1.1, hence our "decisions about one apply to the other." *Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc) (citations omitted); *see* 18 U.S.C. § 924(e)(2)(B)(i).

Sheely's counsel reiterated his position that *Borden* "ha[d] called into question" *Vail-Bailon*. The district court concluded that *Vail-Bailon* remained binding precedent and the 2022 PSI should have included Sheely's felony battery conviction in the calculation of his base offense level. Based on its determinations, the district court sentenced Sheely to a term of 105 months' imprisonment, to run concurrent with any sentence subsequently imposed in state court, followed by three years of supervised release. It entered its judgment that same day.

Sheely then appealed his conviction and sentence, arguing, in part, that the district court erred in using his three prior convictions for attempted robbery, manslaughter, and felony battery to enhance his sentence as those convictions did not qualify as "crimes of violence" under § 4B1.2. Though we affirmed Sheely's conviction, we agreed that attempted robbery and manslaughter do not qualify as "crimes of violence" for purposes of § 4B1.2. *United States v. Sheely*, 2024 WL 4003394, at *1 (11th Cir. Aug. 30, 2024). We therefore vacated his sentence and remanded for resentencing, as the district court's reliance on these two convictions to enhance Sheely's sentence required vacatur. *Id.* In doing so, we took no position on the "contested question" of Sheely's remaining prior conviction for Florida felony battery. *Id.* at *6.

On remand, the district court ordered the parties to submit supplemental briefing and directed the U.S. Probation Office to prepare a revised sentencing packet with an updated guideline range calculation. Compared with the 2022 PSI, the revised PSI

(the "2024 PSI") assigned a base offense level of 22 under § 2K2.1(a)(3), now relying on only the felony battery conviction as a prior felony conviction for a "crime of violence." The probation officer then applied the same enhancements and reductions as in the 2022 PSI, resulting in a total offense level of 23. Given Sheely's criminal history, which remained in criminal history category V, the 2024 PSI revised the guideline imprisonment range to 84 to 105 months.

The 2024 PSI's revised guideline range aligned with the range that the government proposed in its supplemental briefing. But the government noted that this recalculation hinged on how the district court resolved whether Florida felony battery qualifies as a "crime of violence" for the purposes of § 2K2.1(a). The government asserted that Sheely's felony battery conviction remained a "crime of violence," since *Borden* did not conflict with nor abrogate *Vail-Bailon*, which still controlled. Sheely, by contrast, argued that Florida felony battery was not a "crime of violence" after *Borden*. Like the government, Sheely recognized that the district court would need to resolve this specific issue.

At the resentencing hearing following remand, the district court found that it remained bound by *Vail-Bailon* and that Sheely's prior conviction for Florida's felony battery qualified as a crime of violence under *Vail-Bailon*. Based on a guideline range of 84 to 105 months' imprisonment, the district court sentenced Sheely to 84 months' imprisonment, along with three years of supervised release.

24-13967                  Opinion of the Court                        9

Sheely timely filed the present appeal.

## II.    STANDARD OF REVIEW

We review the interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (en banc). Accordingly, we review a district court's determination that a prior conviction qualifies as a "crime of violence" *de novo*. *United States v. Wilson*, 392 F.3d 1243, 1245 (11th Cir. 2004) (referencing *United States v. Fuentes–Rivera*, 323 F.3d 869, 871 (11th Cir. 2003)).

## III.    ANALYSIS

On appeal, Sheely argues that the district court erred in enhancing his sentence, pursuant to § 2K2.1(a)(3), based on his previous conviction for Florida felony battery under Fla. Stat. § 784.041.[6] Sheely contends that Florida felony battery does not qualify as a "crime of violence" within the Sentencing Guidelines' elements clause after the Supreme Court's decision in *Borden*. Sheely, however, acknowledges that in *Vail-Bailon* this Court sitting *en banc* held that Florida felony battery categorically qualifies as a "crime of violence," but he argues that the *en banc* majority did not consider the *mens rea* required for an elements clause offense, which *Borden* has since clarified.

Under our prior-panel precedent rule, *Vail-Bailon* remains "binding on all subsequent panels unless and until it is overruled or

---

[6] Our analysis does not address Florida felony battery under either Fla. Stat. § 784.03(2) or § 784.07(2)(b).

undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "For a Supreme Court decision to undermine panel precedent to the point of abrogation, the 'decision must be clearly on point' and '*clearly contrary*' to the panel precedent." *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 743 (11th Cir. 2024) (emphasis in original) (quoting *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003)). Indeed, if the Supreme Court "'never discussed' our precedent and did not 'otherwise comment[] on' the precise issue before the prior panel, our precedent remains binding." *United States v. Dubois*, 139 F.4th 887, 892–93 (11th Cir. 2025) (alteration in original) (quoting *United States v. Vega-Castillo*, 540 F.3d 1235, 1238 (11th Cir. 2008)). "Even if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court with a basis for departing from its prior decision." *Vega-Castillo*, 540 F.3d at 1237. Instead, to abrogate our precedent, the Supreme Court (or this Court en banc) must "'demolish' and 'eviscerate'" all the "fundamental props" of the prior-panel precedent. *Dubois*, 139 F.4th at 893 (quoting *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022)). "In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

In *Vail-Bailon*, this Court addressed the question of whether a conviction for Florida felony battery in violation of Fla. Stat. §

24-13967            Opinion of the Court            11

784.041 qualifies as a crime of violence. 868 F.3d at 1295. Citing *Curtis Johnson v. United States*, 559 U.S. 133 (2010), Vail-Bailon argued that the offense does not require the use of physical force. *Id.* at 1297. But unlike Florida's simple battery statute, which was at issue in *Curtis Johnson*, Florida felony battery "requires more than a slight unwanted touch." *Id.* at 1298. Vail-Bailon asked that this Court define physical force as that which is "likely to cause pain," rather than force that is merely capable of causing pain. *Id.* at 1300. This Court rejected this argument, holding that the controlling definition of physical force is "violent force . . . capable of causing physical pain or injury." *Id.* at 1302 (quoting *Curtis Johnson*, 559 U.S. at 140). Vail-Bailon also relied on *Leocal v. Ashcroft*, 543 U.S. 1, 125 (2004), in which the Supreme Court held that the Florida DUI statute does not satisfy the elements clause because it "does not require that the defendant intentionally use any force at all against another person." *Id.* at 1307. This Court also rejected this argument because Florida felony battery "requires an *intentional use* of force." *Id.* (emphasis in original). Ultimately, this Court held that Florida felony battery qualifies as a crime of violence under the Sentencing Guidelines. *Id.* at 1295. In so holding, we noted that felony battery "was intended to fill a gap between simple battery, which . . . is committed when the offender subjects his victim to any type of unwanted physical contact, and aggravated battery, which . . . is committed when the offender commits a battery and thereby intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement to his victim." *Id.* at 1298–99 (citation modified). "All three forms of battery require intentional

conduct . . . that is against the will of the victim." *Id.* at 1299. This Court thus concluded that a conviction for Florida felony battery requires that the defendant use "physical force," defined as "force capable of causing physical pain or injury," and, thus, the offense qualifies as a crime of violence within the elements clause. *Id.* at 1302, 1308 (quoting *Curtis Johnson*, 559 U.S. at 140).

After this Court decided *Vail-Bailon*, the Supreme Court issued its decision in *Borden*. In *Borden*, the defendant pled guilty to possession of a firearm as a felon, and his sentence was enhanced under ACCA's elements clause, with reckless aggravated assault in violation of Tennessee law as a predicate offense. 593 U.S. at 424–25. The Supreme Court in a plurality opinion reversed the defendant's enhanced sentence and remanded for further proceedings. *Id.* at 445. The plurality opinion concluded that criminal offenses with a *mens rea* of recklessness could not qualify as a "violent felony" under the ACCA's elements clause. *Id.* at 423–24 (plurality opinion); *id.* at 446 (Thomas, J., concurring).

In a separate opinion decided on different statutory grounds, Justice Thomas reached the same conclusion as the four-justice plurality. *Id.* at 446 (Thomas, J., concurring). While the plurality focused its attention on the phrase "against the person of another," Justice Thomas "rest[ed] [his] analysis instead on . . . 'use of physical force.'" *Id.* at 446. Thus, albeit for a different reason, Justice Thomas agreed with the plurality's conclusion that an offense that may be committed recklessly cannot be a crime of violence within the definition set out in the elements clause. *Id.* "[A] crime that

can be committed through mere recklessness does not have as an element the use of physical force because that phrase has a well-understood meaning applying only to intentional acts *designed to cause harm*." *Id.* (citation modified).

As a preliminary consideration, *Borden* is a plurality opinion. We thus cannot construe *Borden* in the broad manner that Sheely proposes. Under the Supreme Court's own framework, when it decides a case on a fragmented basis and "no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]'" *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.)); *see also Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1319 n.31 (11th Cir. 2021) ("We are cognizant of the fact that we are required to impose the narrowest ground of the Supreme Court's plurality decision[.]"). And in other instances, when we have evaluated whether *Borden*'s reach has extended to other crimes, we have interpreted the plurality decision narrowly. *See, e.g.*, *Somers v. United States*, 66 F.4th 890, 895 (11th Cir. 2023) ("So the narrowest holding of the five-justice majority—which is what we are bound by, . . .—was only that the elements clause excludes reckless conduct."). Thus, the Supreme Court in *Borden* held only that an offense that can be satisfied with a *mens rea* of recklessness cannot qualify as a "violent felony" under the ACCA's elements clause. *Id.* at 423.

Moreover, *Borden* did not address the same statute. *Vail-Bailon* holds that felony battery under Fla. Stat. § 784.041 is a "crime of violence" within the meaning of the Sentencing Guidelines' elements clause. *See* 868 F.3d at 1308. *Borden*, by contrast, concerned reckless aggravated assault under Tennessee law. 594 U.S. at 424. Nor did *Borden* cite our decision in *Vail-Bailon* or engage with the reasoning underlying that decision. Additionally, *Borden* does not cite any of the precedents upon which *Vail-Bailon* relied.

*Borden* also did not abrogate this Court's own case law. In *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), we held that a conviction "predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement" for a "crime of violence." *Id.* at 1336; *see also United States v. Carter*, 7 F.4th 1039, 1045 (11th Cir. 2021). Thus, even before *Borden* was decided, we had already determined that an offense with a *mens rea* of recklessness could not qualify as a "crime of violence." Indeed, the plurality opinion in *Borden* itself recognized our prior conclusion "that only a statute confined to purposeful or knowing conduct can count" as such a "violent felony." 593 U.S. at 425 n.2 (citing *United States v. Moss*, 920 F.3d 752, 756 (11th Cir. 2019), *opinion reinstated*, 4 F.4th 1292 (11th Cir. 2021) (en banc)). Since *Borden* did not alter this Court's existing precedent, it did not "'demolish' and 'eviscerate'" all the "fundamental props" of our prior-panel precedent in *Vail-Bailon*. *Dubois*, 139 F.4th at 893 (citations omitted).

It thus cannot be said that *Borden* is "'clearly on point' and 'clearly contrary'" to *Vail-Bailon*. *Edwards*, 97 F.4th at 743 (quoting

*Garrett*, 344 F.3d at 1292).  Unable to argue that *Borden* abrogated or overruled *Vail-Bailon*, Sheely instead contends that *Vail-Bailon* did not address the "separate and distinct" *mens rea* question later resolved in *Borden*.  Sheely, however, is mistaken as the *mens rea* issue was expressly briefed to the *en banc* court and was considered through hypotheticals advanced by the appellant and rejected by the Court.  We held in *Vail-Bailon* that felony battery under Fla. Stat. § 784.041 requires an intentional act to use physical force against the victim that is capable of causing physical pain or injury. *Vail-Bailon* thus remains binding precedent in this Circuit, and we conclude that the district court did not err in determining that Sheely's Florida felony battery conviction qualifies as a "crime of violence" for the purpose of enhancing his sentence.

## IV.    CONCLUSION

Because *Vail-Bailon* remains binding precedent in this Circuit, we conclude that the district court did not err in enhancing Sheely's sentence, pursuant to § 2K2.1(a)(3), based on his previous conviction for Florida felony battery.  We thus affirm Sheely's sentence.

**AFFIRMED.**

24-13967              ROSENBAUM, J., Concurring                    1

ROSENBAUM, Circuit Judge, Concurring:

I concur fully in the panel opinion. I write separately only to explain why the Supreme Court's plurality opinion in *Borden v. United States*, 593 U.S. 420 (2021) (plurality opinion), does not affirmatively support the conclusion that Thomas Sheely, Jr., urges: that Florida felony battery no longer qualifies as a "crime of violence" under the elements clause of the Sentencing Guidelines. Rather, except for Justice Thomas's opinion, *Borden* is agnostic about the question.

In *Borden*, the Supreme Court considered whether "a criminal offense can count as a 'violent felony' [under the Armed Career Criminal Act] if it requires only a [less culpable] *mens rea* . . . than purpose or knowledge." *Id*. at 423. The Court concluded it cannot. *Id*. But the four-Justice plurality and Justice Thomas reached this answer for different reasons. And the four-Justice plurality's decision not to adopt Justice Thomas's reasoning requires the conclusion that *Borden*'s plurality opinion does not affirmatively support Sheely's argument that, under *Borden*, Florida felony battery doesn't qualify as a "crime of violence" under the Sentencing Guidelines.

I start with the definition of "violent felony" under the ACCA's elements clause: "[a]n offense qualifies as a violent felony under that clause if it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id*. at 424 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

Justice Thomas reasoned that offenses that require a *mens rea* that is less than purposeful or knowing don't qualify as "crime[s] of violence" because the phrase "use of physical force" in the elements clause "has a well-understood meaning applying only to intentional acts *designed to cause harm*." *Id.* at 446 (Thomas, J., concurring in the judgment) (emphasis added) (citation omitted).

If Justice Thomas's position had won the day, then Sheely would be right that *Borden* had abrogated *United States v. Vail-Bailon*, 868 F.3d 1293, 1299 (11th Cir. 2017) (en banc). To explain why, we must consider the Florida crime of felony battery under Fla. Stat. § 784.041. To commit Florida felony battery, a person must "(1)(a) [a]ctually and intentionally touch[] or strike[] another person against the will of the other; and (b) cause[] great bodily harm, permanent disability, or permanent disfigurement." Fla. Stat. § 784.041(1).

As the first element of the crime spells out, this statute demands "intentional conduct." *Vail-Bailon*, 868 F.3d at 1299. But Florida courts have explained that felony battery's second element does not require a defendant to have intended or known that "great bodily harm" would result from their intentional touch or strike. *T.S. v. State*, 965 So. 2d 1288, 1290–91 (Fla. Dist. Ct. App. 2007); *see also Vail-Bailon*, 868 F.3d at 1306 ("[T]he prosecution is not required to prove that the defendant had the specific intent to cause the level of physical harm that the victim suffered in order to sustain a conviction for felony battery."). In other words, a person can be convicted of Florida felony battery even though they didn't "design[]"

24-13967              ROSENBAUM, J., Concurring              3

their intentional act "to cause harm," *Borden,* 593 U.S. at 446 (Thomas, J., concurring in the judgment) (citation omitted). So under Justice Thomas's reasoning, Florida felony battery would not qualify as a "crime of violence" under the Sentencing Guidelines, and *Vail-Bailon* would be abrogated.

But the four Justices in the plurality opinion did not share Justice Thomas's reasoning. Rather, the plurality homed in on the language "against . . . another" in the elements clause. *See id.* at 431 (plurality opinion). As the plurality opinion explained, this language "modifies[] the 'use of physical force.'" *Id.* And "'use of force' denotes volitional conduct." *Id.* Plus, the plurality opinion continued, "the pairing of volitional action with the word 'against' supports the word's oppositional, or targeted, definition." *Id.* So this language in the elements clause "covers purposeful and knowing acts, but excludes reckless conduct." *Id.* at 432.

As a result, the plurality opinion has nothing to say about whether Florida felony battery qualifies as a "crime of violence." After all, Florida felony battery requires a "purposeful and knowing act[]," *id.*—namely, an intentional touch or strike. And in *Vail-Bailon*, we said that the intentional touch or strike Florida felony battery requires necessarily involves physical force, so it qualifies as a "crime of violence" under the elements clause. 868 F.3d at 1306. It's just that Florida felony battery doesn't require a "purposeful and knowing" result from the intentional touch. But the four-Justice plurality opinion didn't adopt Justice Thomas's view that a crime must have required the defendant to have engaged in

4                    ROSENBAUM, J., Concurring                    24-13967

an act "designed to cause harm."  Yet Justice Thomas's reasoning is necessary to conclude that *Borden* abrogated *Vail-Bailon*.  As a result, we can't accept Sheely's argument that *Borden* affirmatively supports the conclusion that Florida felony battery is not a "crime of violence" under the Sentencing Guidelines' elements clause.